UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| WINIFRED OWENS-HART<br>15705 Thoroughfre Road<br>Gainesville, VA 20155<br><br>Plaintiff,<br><br>v.<br><br>HOWARD UNIVERSITY,<br>2400 Sixth Street, NW<br>Washington, D.C. 20059<br><br>and<br><br>ANTHONY M. MCEACHERN, Ph.D.<br>8411 Staggers Farm Ct<br>Laurel, MD 20708-1425<br><br>Defendants. | Civil Action No. _____ |

## COMPLAINT
(Employment Discrimination and Defamation)

### Introduction

1.  Plaintiff, Winifred Owens-Hart, brings this civil action pursuant to the Title I of the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.*, the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, and the District of Columbia Human Rights Act, D.C. Code § 2-1402.11 *et seq.* for acts of unlawful employment discrimination and retaliation against her for participating in the EEO process. Plaintiff further brings this action pursuant to the District of Columbia's common law action of defamation.

## Jurisdiction

2. This Court has jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. § 1343, 28 U.S. Code § 1331 and 28 U.S. Code § 1332.

## Exhaustion

3. Plaintiff has exhausted her administrative remedies by virtue of the fact that she filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on January 7, 2014 alleging discrimination on the basis of her disability, EEOC No. 570-2013-01627, and less than 90 days have elapsed since the EEOC issued a Right to Sue letter that was received by plaintiff on January 31, 2014.

## Venue

4. Pursuant to 28 U.S.C. Section 1391(b) and 42 U.S.C. Section 2000e-5(f)(3), venue is proper in this judicial district. Defendant Howard University is headquartered in the District of Columbia, and the acts of unlawful discrimination, retaliation, and defamation took place within the District of Columbia.

## Parties

5. Winifred Owens-Hart is a citizen of the United States and the State of Virginia. Until her constructive discharge by Defendant, she was employed as a Professor of Ceramic Arts at Defendant, Howard University.

6. Defendant Howard University is a private entity within the District of Columbia which receives federal financial assistance.

7. Defendant Anthony M. McEachern, Ph.d., is the Chair of the Department of Art at Howard University. He is a citizen of the United States and the State of Maryland.

## Statement of Facts

8. Ms. Owens-Hart was a distinguished Professor of Ceramic Arts at Howard University for approximately 37 years.

9. During her entire career at Howard, Ms. Owens-Hart taught classes and held office hours in Defendant Howard University's ceramics studio, which was poorly ventilated and inadequately cleaned.

10. Ms. Owens-Hart's repeated exposure to ceramics particles in the air, chemicals, and other forms of dirt and contaminants in the ceramics studio eventually caused her to acquire occupational asthma in or around 2009 as determined by the Occupational Safety and Health Administration of the U.S. Department of Labor and as admitted by Defendant Howard University.

11. Ms. Owens-Hart's occupational asthma interferes with the major life activity of breathing.

12. Ms. Owens-Hart provided Defendants with a letter from her physician advising that she suffered from asthma and that the cause of her asthma was her working conditions in the ceramics studio at Howard University.

13. At that time, Ms. Owens-Hart requested the reasonable accommodation of adequate ventilation and cleaning of the ceramics studio.

14. In 2010, Defendant Howard University directed Ms. Owens-Hart to visit Dr. Jeff B. Hales of Pulmonary and Medical Associates of Northern Virginia, who also advised Defendant that Ms. Owens-Hart had developed asthma because of her unclean work environment.

15. In June 2012, Dr. Hales sent a letter to Defendant Howard University advising that Ms. Owens-Hart could not continue to work in the ceramics studio in its current state because of the environment's deleterious effects on Ms. Owens-Hart's health, specifically her occupational asthma. During this time, and up until her constructive discharge on December 5, 2013, Ms. Owens-Hart made numerous requests to Defendant Howard University for the reasonable accommodations of better ventilation in the ceramics studio, more thorough cleaning of the ceramics studio, and permission to work more from home so that she could reduce the amount of time she had to be in the unclean environment that had caused her occupational asthma.

16. In November 2012, Ms. Owens-Hart filed a complaint and requested an inspection by the Occupational Safety and Health Administration of the U.S. Department of Labor.

17. In 2012, Ms. Owens-Hart filed a complaint with the District of Columbia Department of Employment Services.

18. Defendant responded to Ms. Owens-Hart's complaint to the District of Columbia Department of Employment Services on December 20, 2012, by admitting that her occupational asthma was caused by her work environment at Howard University, and agreeing to reimburse Ms. Owens-Howard for all of her out-of-pocket expenses relating to her occupational asthma.

19. Despite its acknowledgment of fault and agreement to reimburse Ms. Owens-Hart, Defendant never made any effort to remedy Ms. Owens-Hart's work environment, nor did it follow through on reimbursing her for her out-of-pocket expenses related to her occupational asthma.

20. Ms. Owens-Hart continued to request that Defendant Howard University grant her

the reasonable accommodation of a cleaner and better ventilated work environment, as well as the option to sometimes work from home, which Defendant Howard University continued to refuse.

21. On May 30, 2013, the Occupational Safety and Health Administration ("OSHA") of the U.S. Department of Labor (to whom Ms. Owens-Hart had complained in November 2012) issued citations to Defendant based on its failure to maintain a clean and safe work environment, yet Defendant Howard University continued to knowingly fail to provide Ms. Owens-Hart with a safe work environment or reasonable accommodations of her occupational asthma. Specifically, OSHA found that employees including Ms. Owens-Hart were exposed to silica and products that contain lead, chromium, and other hazardous ingredients while working in the ceramics studio area.

22. On November 20, 2013, Anthony M. McEachern, Chair of the Department of Art at Howard University wrote a letter to Ms. Owens-Hart, copies of which he sent to Associate Provost Joseph Reidy, Interim Dean Segun Gbadegesin, and Associate Dean Gwendolyn Everett, which contained numerous intentionally false, malicious, and defamatory statements about Ms. Owens-Hart and which has severely damaged Ms. Owens-Hart's professional reputation and standing. McEachern intentionally and maliciously made the false allegations that Professor Owens-Hart "intentionally neglected" and "refused" to follow standard protocol; that she decided to teach a course "at the expense of the department, [her] fellow faculty members and the students;" that she imposed on her colleague, that did not carry a full case load; that her teaching was inadequate; that she allowed a non-art major to serve as a teaching assistant; and that she was absent without leave or approval.

23. Dr. McEachern published the above-described defamatory letter in retaliation for her having engaged in the protected activity of requesting reasonable accommodations of her disability.

24. Due to the intolerable conditions of her work environment, which Defendant Howard University repeatedly refused to address over the course of many years, as well as Howard University's refusal to provide reasonable accommodations by either cleaning the studio or allowing her to work from home, Ms. Owens-Hart had no reasonable choice but to end her employment with Howard University. Her December 5, 2013 retirement thus constituted a constructive discharge.

### Statement of Claims

25. Defendant Howard University engaged in unlawful employment discrimination and retaliation against Ms. Owens-Hart by refusing to provide her with reasonable accommodations for her disability, publishing intentionally false, malicious, and defamatory statements about her, and constructively discharging her from its employ.

26. Defendant McEachern unlawfully defamed Ms. Owens-Hart by publishing intentionally false and malicious statements about her in a defamatory letter which severely damaged her professional reputation and standing.

27. Defendant engaged in defamation against Ms. Owens-Hart by publishing a letter which contained numerous intentionally false, malicious and defamatory statements about her which severely damaged her professional reputation and standing.

28. As a result of this unlawful discrimination, retaliation, and defamation, plaintiff has suffered and continues to suffer a loss of pay, a severe curtailment of career opportunities,

and personal and professional humiliation.

## Prayer for Relief

WHEREFORE, plaintiff prays that this Court enter judgment in her favor and against Defendant on all claims brought herein and provide her with the following relief:

a. award Plaintiff compensatory damages against Defendants to the maximum extent permitted by law, plus interest thereon;

b. order Defendant Howard University to retroactively restore Plaintiff to her position as Professor of Ceramic Arts with full benefits, including all cash awards, promotions, pay increases to which she otherwise would have been entitled had she remained in that position;

c. award Plaintiff full back pay, with interest thereon;

d. order Defendant Howard University to provide Plaintiff with a safe and healthy work environment;

e. enjoin Defendants from discriminating, retaliating against or defaming Plaintiff in the future;

f. award Plaintiff the costs of bringing and maintaining this civil action and the administrative charges that preceded it, including reasonable attorneys' fees, pursuant to 42 U.S.C. § 2000e-5(k); and

g. award Plaintiff such other and further relief as the interests of justice may require.

## Jury Demand

Plaintiff hereby requests a jury trial on all issues of fact and damages.

Respectfully submitted,

/s/

Richard L. Swick
Ellen K. Renaud
SWICK & SHAPIRO, P.C.
1101 15th Street, N.W.,
Suite 550
Washington, D.C. 20005
TEL (202) 842-0300
FAX (202) 842-1418
Ekrenaud@swickandshapiro.com

Counsel for Plaintiff
