UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **Winifred Owens-Hart,** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 14-cv-00758 (APM) |
| **Howard University,** | ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM OPINION AND ORDER**

In this case, Plaintiff Winifred Owens-Hart asserts that her former employer, Defendant Howard University, failed to accommodate her disability. Before the court is a discovery dispute that arose during the deposition of Professor Reginald Pointer, an employee of Howard University. Plaintiff's counsel asked Professor Pointer a series of questions about his deposition preparation that elicited objections and instructions not to answer from Howard University's counsel based on the assertion of the attorney-client privilege.[1] The parties called the court during the deposition to raise the dispute, and the court ordered them to file letter briefs addressing the applicability of the attorney-client privilege to the testimony sought. Minute Order, Jan. 15, 2016. The parties filed their letter briefs on January 27, 2016. *See* ECF Nos. 31, 32. Unfortunately, they do not address the precise question before the court. That question is: To what extent does the attorney-client privilege protect the communications that take place between an organization-defendant's attorney and its employee during the employee's preparation for a deposition?

---

[1] The questions asked, and which drew objections, were: (1) "[W]hat [have you] done to prepare for your deposition today?," Pl.'s Ltr. Br., Ex. 1, Pointer Depo. Tr. 114:11-15, ECF No. 31-1; (2) "Have you been asked to [sign a declaration]?", *id.* at 117:7-12; (3) "Can you describe your conversations with Ms. Singleton," *id.* at 118:13-18.

The Supreme Court long ago in *Upjohn Co. v. United States*, 449 U.S. 383 (1981), disavowed the notion that an organization's attorney-client privilege protected only those communications between the organization's lawyers and members of its "control group," *i.e.*, those employees who are in a position to control or participate in a decision taken by the organization based upon advice provided by the organization's lawyers. *Id.* at 390. The Court wrote: "The control group test . . . frustrates the very purpose of the privilege by discouraging the communication of relevant information by employees of the client to attorneys seeking to render legal advice to the client corporation." *Id.* at 392. Plaintiff's argument that the attorney-client privilege does not apply to Howard University's counsel's communications with Professor Pointer because "there is no evidence that Professor Pointer was part of the 'control group' or was in a position to control corporate matters which require legal advice," ECF No. 31 at 1, is thus utterly perplexing. That argument embraces a test that the Supreme Court rejected over 35 years ago.

Howard University's understanding of *Upjohn* is only slightly better. It argues that "[i]t would undermine the purpose and intent of the attorney-client privilege to limit application to employees who are considered management level employees . . . . As the Supreme Court emphasized in *Upjohn*, the advice of counsel is more significant at the level of Professor Pointer as well as other employees who are applying the practices and procedures that bind the corporate body." ECF No. 32 at 3. But Defendant's argument misses the point of *Upjohn*. The dispositive question under *Upjohn* is not the position of the employee or the employee's responsibilities, but rather "whether the purpose of the privilege is advanced or retarded by applying it to particular communications" between the organization's lawyer and its employee. *Trustees of the Electrical Workers Local No. 26 Pension Trust Fund v. Trust Fund Advisors, Inc.*, 266 F.R.D. 1, 7 (D.D.C. 2010). Here, the "particular communications" at issue are those between Howard's counsel and

Professor Pointer in connection with his deposition preparation, not communications concerning the performance of his duties.

Courts in this jurisdiction have addressed whether such deposition-preparation communications are shielded from discovery. Neither party, however, has cited these relevant decisions. In *Banks v. Senate Sergeant-at-Arms*, 222 F.R.D. 1, 3 (D.D.C. 2004), the court observed that, in light of *Upjohn*, "[a] corporation may claim an attorney-client privilege for confidential communications made by its employees to corporate counsel in order to permit counsel to render legal services or legal advice to the corporation." Applying that principle to the deposition preparation of an employee, the court concluded that:

> [C]ounsel for the [corporation] may object to a question that would disclose a communication made by the [corporation's] employee that was intended by the employee to be confidential and was uttered to permit counsel to render legal advice or legal services to the [corporation]. Note that the privilege pertains only to what the employee told the lawyer; what the lawyer told the employee is not protected unless it necessarily discloses what the employee told the lawyer in confidence.

*Id.* at 4.[2] In a subsequent decision in the same matter, the court referenced its earlier ruling and held that: "[A]ny question in which plaintiff asks the employee what she told counsel during an interview or a deposition preparation session seeks privileged information." *Banks v. Office of Senate-at-Arms*, 233 F.R.D. 1, 4-5 (D.D.C. 2005).

The court in *Alexander v. FBI*, 192 F.R.D. 32 (D.D.C. 2000), reached a similar conclusion. Although that case did not involve, as here or in *Upjohn*, communications between an organization's lawyer and one of its employees, the case did concern whether the plaintiff could discover "the information [the deponent] [had] discussed with her counsel in preparation for her

---

[2] The court also added: "Even if the attorney-client privilege is not available, the question may still be improper if the answer would tend to disclose the lawyer's intangible work product privilege as I have defined it, *i.e.*, it would disclose counsel's mental impressions, conclusions, opinions or legal theories." *Banks v. Senate Sergeant-at-Arms*, 222 F.R.D. at 4.

deposition." *Id.* at 35.  The court concluded that "plaintiffs are not entitled to such information, as it would be 'tantamount to revealing the substance of what was discussed with counsel' in furtherance of legal services." *Id.* (*quoting Alexander v. FBI*, 186 F.R.D. 21, 47 (D.D.C. 1998)).

Applying the decisions in *Banks* and *Alexander,* the court concludes, as a general matter, the attorney-client privilege shields from inquiry what Professor Pointer told Howard University's counsel during deposition preparation.  At this juncture, however, the court cannot conclude any more than that because the parties have presented only a limited record of questions and objections for the court's resolution.  *Cf. Banks*, 233 F.R.D. at 5.  As to the specific questions and objections that are before the court, the court rules as follows:

| **Question** | **Ruling** |
|---|---|
| "[W]hat [have you] done to prepare for your deposition today?"  Pointer Depo. Tr. 114:11-15 | Objection overruled in part and sustained in part.  The witness may answer the question to the extent his answer does not reveal his communications with Howard University's counsel. |
| "Have you been asked to [sign a declaration]?" Pointer Depo. Tr. at 117:7 | Objection sustained.  An answer to that question would tend to reveal counsel's legal strategy as to the litigation and thus implicates the attorney-work product privilege.  *See* fn. 2, *supra*. |
| "Can you describe your conversations with Ms. Singleton?"  Pointer Depo. Tr.  at 118:13-14. | Objection overruled in part and sustained in part.  The witness may answer the question to the extent his answer does not reveal his communications with Howard University's counsel. |

Accordingly, the court grants in part and denies in part Plaintiff's Motion to Compel Responses to Deposition Questions. ECF No. 31. If Plaintiff chooses to re-open Professor Pointer's deposition to explore issues relating to his deposition preparation, the court urges the parties to review *Upjohn*, *Banks*, and *Alexander*, so as to minimize the likelihood of further discovery disputes on this topic.

Dated: February 4, 2016

Amit P. Mehta
United States District Judge