**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| **WINIFRED OWENS-HART,** | : | |
| **Plaintiff,** | : | **Case No. 1:14-cv-00758-APM** |
| **v.** | : | |
| **HOWARD UNIVERSITY,** | : | |
| **Defendant.** | : | |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF ITS MOTION TO COMPEL**

Defendant, HOWARD UNIVERSITY ("Defendant"), by and through counsel, BONNER KIERNAN TREBACH & CROCIATA, LLP, states as follows in further support of its Motion to Compel:

1. Rule 26(a)(2)(C)(i) and (ii) requires a party to state the subject matter on which a witness is expected to present evidence under Fed. R. Evid. 702, 703 or 705, and to also provide a summary of the facts and opinions to which the witness is expected to testify. The Advisory Committee's Notes to Rule 26(a)(2)(C) are clear that the purpose of the amendment was to "mandate summary disclosures of the opinions to be offered by expert witnesses who are not required to provided reports under Rule 26(a)(2)(B) and of the facts supporting those opinions." *The Little Hocking Water Association, Inc. v. E.I. du Pont de Nemours and Company,*[1] 2015 U.S. DIST LEXIS 29918 *17 (S.D. Ohio, March 11, 2015), *see also Williams v. Devlin*, 100 F. Supp. 3d 8 (D.D.C. 2014) (a treating physician can provide expert testimony without an expert report

[1] In carefully analyzing Rule 26(a), the *Little Hocking* Court found that "a summary of the opinions under Rule 26(a)(2)(C) means a brief account of the main opinions of the expert, and that the opinions must state a view or judgment regarding **a matter that affects the outcome of the case.**" (emphasis added). *Id.* at 32. Three expert disclosures were set forth in the text of the *Little Hocking* opinion and each disclosure was analyzed by the Court. (*Id.* at 35-39). The case is most illustrative for this Court's consideration of Plaintiff's disclosure at issue here.

so long as the expert disclosure complies with 26(a)(2)(C)), and *Daniels v. District of Columbia*, 15 F. Supp. 3d 62, 69 (D.D.C 2014) ("In the absence of the requisite disclosures, a court must determine an appropriate response to avoid the prejudice and surprise that can result from the offering of expert medical testimony without the requisite disclosures.")

2. Merely stating the "topics of the opinions" without stating an "actual opinion" and referencing large materials as sources without providing a brief account are insufficient. *The Little Hocking Water Association, Inc., supra.* at 25-26, see also *Altagracia Castillo v. Kmart Corporation*, 2014 U.S. Dist. LEXIS 18729 3 (D. VI, February 14, 2014).

3. Plaintiff's Second Supplemental Disclosure is akin to a general expert statement in a personal injury action – causation, aggravation, and permanency.[2] However, absent an expert report, a treating physician may not testify about causation, permanency, and prognosis. *Kirkham v. Societe Air France T/A Air France*, 236 F.R.D. 9, 11-12 (D.D.C. 2006), (citing *Anthony v. WMATA*, 2005 U.S. Dist LEXIS 41560, No. 04-622 slip op. at 5 (D.D.C. 2005) and *Sowell v. Burlington N. & Santa Fe Ry. Co.*, 2004 U.S. Dist LEXIS 24738 *2-3 (N.D. Ill. 2004). This jurisdiction specifically considered whether a treating physician can offer an opinion on causation or proffer "forward looking" testimony, since the amendments in *Hancock v. Wash. Hosp. Ctr.*, 13 F. Supp. 3d 1, 12 (D.D.C. 2014) and held that the physician cannot.[3]

---

2 Plaintiff has proffered the following opinions: [Dr. Hales] will attest that repeated exposure to a hazardous dust-filled ceramics studio and office has resulted in [Plaintiff's] severe and persistent asthma; he will also describe her symptoms and the prognosis of her condition; He is also expected to testify that the continued exposure to inhaled irritants continuing into 2013 aggravated her condition and that he recommended daily cleaning of her ceramics studio and office, adequate filtering and ventilation systems, and an air purification system, as necessary to maintain her lung health; He is also expected to testify that her continued exposure to the unclean and inadequately vented ceramics studio and her office caused an increase in the inflammation of her lower airways so that she now has, and will always have, persistent asthma. (*See* Ex. E).

3 In *Hancock*, the court found that the expert "did not offer any testimony on causation or forward-looking opinion; all related exhibits were created by [the expert] contemporaneously with his treatment of [plaintiff];" thus, the testimony was permitted. *Hancock*, 13 F. Supp. 3d at 12. Conversely, the *Hancock* court noted that another expert (who intended to offer causation testimony and testimony about the current prognosis in light of the failure to accommodate) was properly excluded for failure to comply with Rule 26(a)(2). *Id.*

4. Significantly, here Plaintiff submitted supplemental answers to Interrogatories indicating that Dr. Hales "has been consulted to provide opinion testimony in this lawsuit," (*See* Ex. C), which falls squarely under Rule 26(a)(2)(B). For this reason, Plaintiff's expert disclosure is clearly insufficient without a written report.

5. Finally, Plaintiff failed to respond to Defendant's written discovery requests as required under Rules 33 and 34 because she believed Rule 26(a)(2)(C) relieved her from the duty to timely respond to those requests. (*See* Ex. I). Plaintiff has not cited any authority for her position. Moreover, Rules 33(b)(2) and (4) and 34(b)(2)(A) require a responding party to serve responses and any objections within 30 days and any ground not stated in timely objections is waived. The amendments to the rule regarding expert disclosures and whether a report is required did not impact Rules 33 and 34. Nonetheless, Plaintiff offered no objections and did not seek to limit or alter the expert discovery sought, pursuant to Rules 33 and 34. (*See* Ex. A). Rather, it appears that Plaintiff deliberately refused to respond. Such conduct violates the Rules of this Court and should not be condoned.

Wherefore, Plaintiff should be compelled to provide complete discovery responses, amend and provide a complete expert disclosure, and Defendant should be awarded such other and further relief as may be just and proper.

Respectfully submitted,

HOWARD UNIVERSITY

By Counsel

BONNER KIERNAN TREBACH & CROCIATA, LLP

/S/ *Dawn S. Singleton*

Alan S. Block #431010
Dawn S. Singleton #468859
1233 20th Street, N.W., Eighth Floor
Washington, D.C. 20036
(202) 712-7000
(202) 712-7100 (facsimile)
ablock@bonnerkiernan.com
dsingleton@bonnerkiernan.com