**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **WINIFRED OWENS-HART** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 1:14-cv-00758-APM** |
| **HOWARD UNIVERSITY,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL**

Defendant has moved to compel Plaintiff to create and produce written materials required for witnesses retained as experts under Federal Rule of Civil Procedure 26(a)(2)(B). Defendant's motion should be denied, however, because subsection (B) applies only "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R.Civ. Pro. 26(a)(2)(B).[1] Rather, if a witness is an expert who is *not* retained or specially employed to provide expert

[1]Defendant implies that Dr. Hales fits within Rule 26(a)(2)(B)'s requirements because in response to Defendant's interrogatory asking for any expert witness "retained or consulted," and after Defendant complained that Dr. Hales should have been included in response to this interrogatory, Plaintiff supplemented her response to say that Dr. Hales had been consulted. R.35-5, Exhibits A and C. In short, Plaintiff's initial response indicates that she had not "retained or specially employed" Dr. Hales to provide expert testimony. R.35-5, Exhibit A. In the interest of fully sharing information sought by Defendant, Plaintiff supplemented her response to indicate that she had talked with Dr. Hales about providing expert testimony. R.35-5, Exhibit C. However, merely talking with a treating physician about providing expert testimony does not transform a treating doctor into "one retained or specially employed to provide expert testimony." Rule 26(a)(2)(B). If that were so, virtually all treating physicians would be subject to 26(a)(2)(B) and the amendment to Rule 26 creating Subsection C as a special category for treating physicians would be superfluous.

testimony, subsection (c) of Rule 26(a)(2) applies instead. *See Daniels v. D.C.*, 15 F. Supp. 3d 62, 69 (D.D.C. 2014) ("Rule 26(a)(2(c) applies to those witnesses who are testifying as 'experts,' even though they were not 'retained or specially employed' for the purpose of testifying as an 'expert.'"). Based on the plain language of the Federal Rules, there should be no dispute that Dr. Hales belongs in the (a)(2)(c) category as he is Professor Owens-Hart's treating physician. Furthermore, he was not retained or specially employed to provide expert testimony in this case and he is not Professor Owens-Hart's employee. Thus, Rule 26(a)(2)(B) does not apply. Fed. R.Civ. Pro. 26(a)(2)(B) (requiring detailed reports from experts who are "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.").

Yet, Defendant argues that because Dr. Hales will testify regarding the causation and prognosis of Professor Owens-Hart's occupational asthma -- the condition for which he has treated her-- she should be required to provide the detailed expert report required of those witnesses who are "retained or specially employed to provide expert testimony." To support its position that "absent an expert report, a treating physician may not testify about causation, permanency, and prognosis," Defendant cites to cases where discovery was conducted prior to the current version of Rule 26(a)(2)(c) which specifically requires a simplified report for treating experts.[2] In a case published this year, Judge Kollar-Kotelly explained why Defendant's

---

[2]Defendant cites to four cases to support its position that treating physicians must comply with the more complex report required of experts specially retained for litigation despite the plain language of Rule 26(a)(2). R. 35-1 at page 4. Three of the cases were decided before 2010 and thus do not consider the current version of the Rule. The fourth case, *Hancock v. Wash. Hosp. Ctr.*, was filed in March 2010 and decided based on the rules in their pre-amended version. *See* 13 F.Supp. 3d 1, 12 (D.D.C. 2014) (discussing whether the parties were required to submit Rule 26(a)(2)(B) reports for two treating physicians without mentioning or addressing Rule

approach is wrong:

> Defendants rely on pre–2010 cases interpreting Rule 26(a)(2)(B) to argue that a witness, such as a treating physician, for whom a 26(a)(2)(B) expert report has not been prepared can only testify as to non-expert matters such as "their personal observations, diagnosis, and treatment of [Plaintiff]." Defs.' Mot. in Limine, at 4. These cases are inapposite, however. The Federal Rules of Civil Procedure were amended in 2010 in recognition of the tension within the Rules for witnesses, like treating physicians, who "were not 'specially employed' within the meaning of Rule 26(a)(2)(B) so as to require them to submit a detailed expert report, but [ ] were still testifying as experts." *Daniels v. District of Columbia,* 15 F.Supp. 3d 62, 69 (D.D.C.2014) ("a treating physician who testifies as to her diagnosis and treatment of the patient is still giving expert testimony"); *see* Fed.R.Civ.P. 26(a)(2)(c) advisory committee's note ("A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705. Frequent examples include physicians or other health care professionals and employees of a party who do not regularly provide expert testimony."). The Federal Rules of Civil Procedure were amended to include Rule 26(a)(2)(c), which instructs parties calling witnesses who are *not* retained or *specially employed* to provide expert testimony, but nevertheless intend to provide expert testimony, to indicate in their expert witness disclosure "(I) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Accordingly, a treating physician can provide expert testimony even without an expert report so long as the expert disclosure informing the opposing party of the witness complies with Federal Rule of Civil Procedure 26(a)(2)(c).

---

26(a)(2)(C)."). Although the *Hancock* opinion was published on January 7, 2014, the decision discusses the obligations of two treating physicians under Rule 26(a)(2) without even mentioning the subsection (C) which applies specifically to non-retained experts. *See id.* at 11-12; *see also Daniels v. D.C.*, 15 F. Supp. 3d 62, 70 (D.D.C. 2014) ("The cases relied upon by the plaintiff and by the court in *Hancock* refer not to Rule 26(a)(2)(C) disclosures but to Rule 26(a)(2)(B) disclosures."). In articulating the Federal Rule governing its decision, the Court in *Hancock* stated that "under Rule 26(a)(2) of the Federal Rules of Civil Procedure, a treating physician who testifies regarding the opinions he gave contemporaneously during his treatment of a patient need not provide an expert disclosure." *Hancock*, 13 F.Supp. 3d at 11. Under the amended rules, however, a treating physician who testifies regarding opinions he gave during his treatment of a plaintiff *is* required to provide an expert report pursuant to Rule 26(a)(2)(C). Because the Court in *Hancock* applied the prior version of Rule 26(a)(2), the decision is inapposite.

*Williams v. Devlin*, 100 F. Supp. 3d 8, 12 (D.D.C. 2015). Because the plain language of the amendment to the Rule is so clear, case law addressing the issue is limited. Indeed, the only reported Court of Appeals case to touch on this issue indicated that a party would be permitted to present evidence of causation through a treating expert if the party provided the simplified expert report required by subsection C without mentioning the more complex requirements of Rule 26(a)(2)(B). *See Higgins v. Koch Dev. Corp.*, 794 F.3d 697, 704 (7th Cir. 2015) (holding that party was required to submit a Rule 26(a)(2)(c) for treating expert where proffered testimony included causation); *see also Anders v. Hercules Offshore Servs., LLC*, 311 F.R.D. 161, 165 (E.D. La. 2015) (discussing "expert testimony as to future treatment" to be provided by treating expert for whom a Rule 26(a)(2)(c) report was provided).

Finally, Plaintiff is hard-pressed to comprehend Defendant's complaint in its paragraph numbered 5 regarding her response to its written requests. R.35-5 at page 5, number 5 (citing only Exhibits I and A). Defendant cites only to an excerpt of an email from counsel which makes no mention of written discovery requests and responses and Defendant's deficiency letter to Plaintiff in which Defendant objected to two of plaintiff's written responses. *Id.* Defendant's first objection was that Plaintiff did not indicate that Dr. Hales would be testifying as an expert witness. Plaintiff remedied that objection in a supplemental response, as noted above. R.35-5, Exhibit C. The only other objection Defendant had was that Plaintiff responded "No such documents," to Defendant's document request seeking a complete expert report and other data from her experts. Plaintiff has already provided Defendant with all of Dr. Hales' records including the reports that he routinely generated while treating her. However, as Plaintiff has explained repeatedly to counsel for Defendant, she is not in possession of any of the requested

documents and cannot manufacture what she does not have. Defendant was able to ask Dr. Hales directly for this information at a deposition during the discovery period but never noticed his deposition or asked counsel for possible deposition dates. Instead, Defendant has mistakenly sought to compel Plaintiff to obtain documents from Dr. Hales as though he were retained or specially employed by Plaintiff to provide expert testimony. There is no provision in the discovery rules to require a party to actively seek documents and information from a third party.

## CONCLUSION

Plaintiff submitted an expert report as required for treating experts under Rule 26(a)(2)(c). By the plain language of Rule 26(a)(2)(B), the requirements of that section do not apply. Although Defendant failed to request Dr. Hales's deposition during the discovery period, Plaintiff remains willing to agree to extend the discovery period so that Defendant can depose Dr. Hales and/or subpoena documents from him. Defendant cannot, however, request Plaintiff to do the work of extensively interviewing Dr. Hales to develop the kind of detailed report required for experts specially retained for that purpose or to gather documentation from Dr. Hales that is not in Plaintiff's possession.

Respectfully submitted,

Date: March 11, 2016

/s/ Ellen K. Renaud

Ellen K. Renaud
D.C. Bar # 479376
SWICK & SHAPIRO, P.C.
1101 15th Street, N.W., Suite 205
Washington, D.C. 20005
(202) 842-0300
(202) 842-1418 Fax

Attorneys for Plaintiff