UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | )  |  |
|---|---|---|
| **Winifred Owens-Hart,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 14-cv-00758 (APM) |
| | ) | |
| **Howard University,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Howard University's Motion to Compel Expert Discovery and Expert Disclosure, ECF No. 35 [hereinafter Def.'s Mot.]. Defendant's Motion seeks to compel Plaintiff Winifred Owens-Hart to (1) conform her expert disclosure to Federal Rule of Civil Procedure 26(a)(2)(C), and (2) produce documents related to her expert. For the reasons explained below, Defendant's Motion to Compel is denied.

**I.  BACKGROUND**

Briefly, the relevant background is as follows. Plaintiff alleges that her employer, Howard University, failed to accommodate her disability—occupational asthma. Compl., ECF No. 1, ¶¶ 10-11. Plaintiff, who was a Professor of Ceramic Arts at Howard, contends that her condition was caused and later exacerbated by her exposure to a dust-filled ceramics studio, which was poorly ventilated and inadequately cleaned, and that her employer failed to accommodate her condition. *Id.* ¶¶ 9-10, 20-24. To support her claim, Plaintiff designated her treating physician, Dr. Jeff B. Hales, as an expert pursuant to Rule 26(a)(2)(C). Def.'s Mot., Ex. E, ECF No. 35-7, at

1. On or about September 17, 2015, Plaintiff provided a Second Supplemental Disclosure to Defendant, which stated in full as follows:

> Dr. Jeff B. Hales, previously identified as a fact witness in Plaintiff's initial disclosures on June 23, 2015, will testify as a fact witness as well as an expert witness regarding Plaintiff's diagnosis, symptoms, treatment, accommodation requests, deterioration over time, and her prognosis.
>
> Dr. Hales has treated Ms. Owens-Hart's respiratory/pulmonology condition since 2009. He will attest that repeated exposure to a hazardous dust-filled ceramics studio and office has resulted in her severe and persistent asthma. He will also describe her symptoms and the prognosis for her condition. He is also expected to testify that the continued exposure to inhaled irritants continuing into 2013 aggravated her condition and that he recommended daily cleaning of her ceramics studio and office, adequate filtering and ventilation systems, and an air purification system, as necessary to maintain her lung health. He is also expected to testify that her continued exposure to the unclean and inadequately vented ceramics studio and her office caused an increase in the inflammation of her lower airways so that she now has, and will always have, persistent asthma.
>
> Further medical documentation is attached.

*Id.* at 1-2.

Before Plaintiff designated Dr. Hales as an expert witness, Defendant served Plaintiff with Requests for Production of Documents, one of which—Request 23—sought documents concerning any experts designated by Plaintiff. *See* Def.'s Mot., Ex. B, ECF No. 35-4, at 2-3. Specifically, Request 23 sought 10 categories of records, including: (1) the expert's most recent resume; (2) licensing, professional membership, and disciplinary records related to the expert; (3) the expert's publications; (4) reports prepared and documents reviewed by the expert; and (5) the "complete file" of any expert. *Id.* at 2. According to Defendant, other than an incomplete set of medical records, Plaintiff has not disclosed any of the requested documents. *See* Notice, ECF No. 37-1, at 1-2.

## II. DISCUSSION

### A. The Adequacy of Plaintiff's Expert Disclosure

Defendant appears to understand that, as Plaintiff's treating physician, Dr. Hales is not an expert "retained or specially employed" by Plaintiff, such that Plaintiff would be required to submit a written report of the kind required by Rule 26(a)(2)(B). *See* Def.'s Mot., Def.'s Mem. of P. & A., ECF No. 35-1 [hereinafter Def.'s Mem.], at 3-4. Instead, Defendant acknowledges that the disclosure of Dr. Hales need only conform to Rule 26(a)(2)(C), which requires the sponsoring party to disclose the "subject on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(i)-(ii); *see also* Def.'s Mem. at 3 (arguing only a failure to comply with Rule 26(a)(2)(C)); *Williams v. Devlin*, 100 F. Supp. 3d 8, 12 (D.D.C. 2015) ("[A] treating physician can provide expert testimony even without an expert report so long as the expert disclosure informing the opposing party of the witness complies with Federal Rule of Civil Procedure 26(a)(2)(C)."); *Daniels v. District of Columbia*, 15 F. Supp. 3d 62, 69-70 (D.D.C. 2014) (observing that the advisory committee notes to the 2010 amendments to Rule 26 "expressly recognize that treating physicians are required to submit Rule 26(a)(2)(C) disclosures").

Nevertheless, Defendant advances two arguments for why Plaintiff's disclosure is deficient. First, Defendant contends that "[m]erely stating the 'topics of the opinions' without stating an 'actual opinion' and referencing large materials as sources without providing a brief account are insufficient." Def.'s Mem. at 4. Second, Defendant argues that "Plaintiff's Supplemental Disclosure is akin to a general expert statement in a personal injury action – causation, aggravation, and permanency," and asserts that "absent an expert report, a treating

3

physician may not testify about causation, permanency, and prognosis." *Id.* The court rejects both arguments.

### *1.    Sufficiency of Disclosure*

As noted, with respect to experts not retained or specially employed, Rule 26(a)(2)(C) requires disclosure of the "subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(i)-(ii).  Our Court of Appeals appears not to have addressed how much detail is required in a disclosure to satisfy Rule 26(a)(2)(C).  The advisory committee notes to Rule 26(a)(2)(C), however, provide some guidance.  Rule 26(a)(2)(C) was added in 2010 to make clear that testifying experts who are not "specially employed"—such as treating physicians—need not submit a detailed expert report.  *See* Fed. R. Civ. P. 26(a)(2)(C) advisory committee's note (2010 Amendments) [hereinafter Advisory Comm. Note] ("Rule 26(a)(2)(C) is added to mandate summary disclosures of the opinions to be offered by expert witnesses who are not required to provide reports under Rule 26(a)(2)(B) and of the facts supporting those opinions."); *Daniels*, 15 F. Supp. 3d at 69.  The advisory committee note explains that a disclosure under Rule 26(a)(2)(C) is "considerably less extensive than the report required by Rule 26(a)(2)(B)."  Advisory Comm. Note.  It directs "[c]ourts [to] take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have."  *Id.*  It also provides that "[t]he (a)(2)(C) disclosure obligation does not include facts unrelated to the expert opinions the witness will present."  *Id.*

Applying the foregoing guidance here, the court finds that Plaintiff's disclosure as to Dr. Hales, in combination with Plaintiff's disclosure of Plaintiff's medical records, satisfies Rule 26(a)(2)(C).  Plaintiff's disclosure easily satisfies two of Rule 26(a)(2)(C)'s requirements—it

identifies the "subject matter" on which Dr. Hales is expected to present evidence and it summarizes his opinions as to those subject matters.

The disclosure identifies four subjects as to which Dr. Hales is expected to testify: (1) Plaintiff's respiratory/pulmonology condition and her symptoms since 2009; (2) the cause of her condition; (3) Dr. Hales' past recommendations about how to manage Plaintiff's condition through changes in her workplace environment; and (4) the prognosis for her condition. Def.'s Mot., Ex. E at 1. It also summarizes Dr. Hales' opinions as to those four subjects: (1) Plaintiff suffers from severe and persistent asthma; (2) her repeated exposure to a hazardous dust-filled ceramics studio and office caused and aggravated her condition; (3) he had recommended daily cleaning of her ceramics studio and office, adequate filtering and ventilation systems, and an air purification system "as necessary to maintain her lung health"; and (4) as a consequence of her exposure to an unclean and unvented ceramics studio, Plaintiff always will suffer from persistent asthma. *Id.* at 1-2. The court, therefore, disagrees with Defendant's contention that the disclosure merely states the "'topics of the opinions' without stating an 'actual opinion.'" Def.'s Mem. at 4.

A Rule 26(a)(2)(C) disclosure also must contain a summary of the "facts" as to which the expert is expected to testify, in addition to the expert's "opinions." Fed. R. Civ. P. 26(a)(2)(C). Discerning fact from opinion, however, is not always easy. *See Nat'l Ass'n of Mfrs. v. SEC*, 800 F.3d 518, 528 (D.C. Cir. 2015) (observing, in another context, that the distinction between "fact" and "opinion" is "often blurred"). And it is not easy here. For instance, the disclosure that Dr. Hales "will attest that repeated exposure to a hazardous dust-filled ceramics studio and office resulted in [Plaintiff's] severe and persistent asthma" arguably contains some facts—for instance, specifying Plaintiff's "repeated exposure" to the ceramics studio and describing it as "dust-filled." But does Plaintiff's disclosure contain a sufficient "summary" of facts to satisfy Rule 26(a)(2)(C)?

Ultimately, the court need not answer that question in regard to the disclosure itself, because the court is satisfied that overall Plaintiff has met her obligations under Rule 26(a)(2)(C). Since making her initial disclosure on September 17, 2015, Plaintiff has provided Defendant with a supplemental disclosure which attached 123 pages of Plaintiff's medical records that were prepared by Dr. Hales.[1] Those medical records provide factual details regarding Dr. Hales' diagnosis and treatment of Plaintiff, as well as his recommendations for workplace accommodations to mitigate further harm to her respiratory system. The medical records, in combination with her written disclosure, therefore satisfy Plaintiff's obligation to provide Defendant with a "summary of facts" to which Dr. Hales is expected to testify.

Defendant relies on *Little Hocking Water Association, Inc. v. E.I. DuPont de Nemours and Co.*, No. 2:09-cv-1081, 2015 WL 1105840 (S.D. Ohio Mar. 11, 2015), to argue that "referencing large materials as sources without providing a brief account" is insufficient to satisfy Rule 26(a)(2)(C)'s summary-of-fact requirement. Def.'s Mem. at 4. In *Little Hocking*, the court held that "it does not suffice to reference large bodies of material as sources of facts, without stating a brief account of the main points from those large bodies of material on which the expert relies." 2015 WL 1105840 at *9. The court does not necessarily disagree with that principle, but it is inapplicable here. In *Little Hocking*, one of the expert's disclosures relied on "larger bodies of information," including a report that was over one thousand pages long. *Id.* at *10. "[W]ithout any brief summary of the main facts from the report on which the expert relies," the court held, Rule 26(a)(2)(C)'s "summary of facts" requirement was not satisfied. *Id.* Here, by contrast,

---

[1] The supplemental disclosure states: "Plaintiff has submitted all medical documentation she has obtained from Dr. Hales, which is attached. Dr. Hales' office has informed counsel for Plaintiff that they have taken the necessary steps to retrieve the remainder of Professor Owens-Hart's medical records from its off-site storage facility. Plaintiff will forward those records to Defendant as soon as they are received from Dr. Hales." Pl.'s Second Expert Disclosure, ECF No. 29, at 2.

Plaintiff's disclosure did not involve or reference a large body of material; instead, it referenced 123 pages of Plaintiff's medical records—hardly an overwhelming quantity, and far short of the more than 1,000 pages presented in *Little Hocking*. The court, therefore, finds *Little Hocking* to be inapposite.

### 2. *Limitation On Subject Matter of Testimony*

The court likewise rejects Plaintiff's second argument that Dr. Hales may not testify about "causation, permanency, and prognosis" absent offering an "expert report." Def. Mem. at 4. One of the primary purposes of Rule 26(a)(2)(C) was to clarify that treating physicians could testify as to both their observations *and* their expert opinions as to a patient without submitting a detailed expert report. *See Daniels*, 15 F. Supp. 3d at 70-71; Advisory Comm. Note ("A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705. Frequent examples include physicians or other health care professionals . . . who do not regularly provide expert testimony."). In addition to the Advisory Committee Note, one commentator has described treating physicians as a "classic example" of the kind of expert falling under Rule 26(a)(2)(C)—that is, one "who not only testifies about personal observations during the course of treatment, but also offers an opinion about causation, standard of care, diagnosis, or permanence of injury." David H. Kaye *et al*., The New Wigmore: A Treatise on Evidence: Expert Evidence § 4.2.2 (2016) (citations omitted). Thus, the only limitations on the presentation of opinion testimony by a treating physician are those imposed by the Federal Rules of Evidence, particularly Rules 702 and 703.

Defendant relies primarily on *Hancock v. Washington Hospital Center*, 13 F. Supp. 3d 1 (D.D.C. 2014), for the proposition that "a treating physician can[not] offer an opinion on causation or proffer 'forward looking' testimony." Def.'s Mem. at 4. But *Hancock* does not stand for such

a proposition at all. *Hancock* was a post-trial decision in which the court re-affirmed a pre-trial evidentiary ruling allowing into evidence testimony and other evidence from the plaintiff's treating physician. In its pre-trial ruling, the court actually had *overruled* the defendant's objection that the testimony of the plaintiff's physician should be excluded because it pertained to "issues of causation, foreseeability, prognosis and permanency of her medical condition and could not be elicited in the absence of an expert report." *Hancock*, 13 F. Supp. 3d at 11.

In its post-trial ruling, the court reiterated that "a treating physician who testifies regarding the opinions he gave contemporaneously during his treatment of a patient need not provide an expert disclosure," except under Rule 26(a)(2)(C). *Id.* At trial, however, the treating physician had not "offer[ed] any testimony on causation or forward-looking opinion." *Id.* at 12. The court's post-trial ruling, therefore, did not reach the question that Defendant in this case claims the court answered in the negative—whether a treating physician can offer an opinion on causation or "forward looking" testimony. *Id.* If anything, the court's pre-trial ruling supports the contrary proposition, namely, that a treating physician, like Dr. Hales, can testify about causation and prognosis, so long as his opinions are premised on observations of the patient made during treatment and, importantly, not for purposes of litigation.[2] *See* The New Wigmore § 4.2.2 (observing that "the dominant position is that percipient fact experts may also offer opinions . . . so long as those opinions derive from their observations" and that "[m]any courts have also permitted causation testimony under this standard.") (citations omitted).[3]

---

[2] The other main case cited by Defendant, *Kirkham v. Societe Air France*, 236 F.R.D. 9 (D.D.C. 2006), provides little support for its position. First, the case precedes the 2010 amendment to Rule 26. Second, *Kirkham* did not reach the conclusion that a treating physician can *never* testify about causation, prognosis, and permanency of injuries. The court concluded that whether such testimony was permissible without an expert report was fact-dependent. *See id.* at 12-13.

[3] Defendant also argues that Dr. Hales is subject to the expert report disclosure requirements of Rule 26(a)(2)(B), because Plaintiff stated in a supplemental interrogatory response that "Dr. Jeff B. Hales has been consulted to provide opinion testimony in this lawsuit." Def. Mem. at 5. The court does not interpret that statement as meaning Plaintiff "retained or specially employed [Dr. Hales] to provide testimony in the case," which, if true, would trigger the expert

8

### B. Responses to Document Requests

The court now turns to Defendant's motion to compel a response to Document Request 23, which seeks a host of documents concerning Dr. Hales. As noted, Request 23 seeks 10 categories of records concerning Dr. Hales, including: (1) a recent resume; (2) licensing, professional membership, and disciplinary records; (3) his publications; (4) the reports that he prepared and the documents that he reviewed; and (5) the "complete file" on Dr. Hales. Def.'s Mot., Ex. B at 2. According to Defendant, Plaintiff has refused to respond to these requests. *Id.* at 2-3.

Plaintiff responds that "Plaintiff has already provided Defendant with all of Dr. Hales' records including the reports that he routinely generated while treating her. . . . [S]he is not in possession of any of the [remaining] requested documents and cannot manufacture what she does not have." Pl.'s Opp'n, ECF No. 36, at 4-5. Plaintiff further argues that "[t]here is no provision in the discovery rules to require a party to actively seek documents and information from a third party," and by "third party" she means Dr. Hales. *Id.* at 5.

A party need only respond to a request for documents that are within its "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). The documents Defendant seeks under Request 23 plainly are in Dr. Hales'—not Plaintiff's—"possession" or "custody." The question, therefore, is whether the documents are within Plaintiff's "control"?

The Court of Appeals has held that, for purposes of document discovery, "'[c]ontrol' is defined as the legal right, authority or ability to obtain documents upon demand." *U.S. Int'l Trade Comm'n v. ASAT, Inc.*, 411 F.3d 245, 254 (D.C. Cir. 2005) (citations omitted). A straightforward

---

report requirement of Rule 26(a)(2)(B). Plaintiff's supplemental response makes clear that Dr. Hales has treated her "since 2009." Def.'s Mot., Ex. E at 1. Moreover, the court has reviewed Plaintiff's medical records disclosed to Defendant on January 6, 2016, *see* Pl.'s Second Expert Disclosure, and it is apparent that Dr. Hales formulated his opinions about Plaintiff's condition, her need for accommodation, and her prognosis long before this litigation ever commenced.

9

application of this definition suffices to conclude that Plaintiff does not "control" most of the records sought in Request 23. Plaintiff has no legal right, authority or ability to obtain Dr. Hales' most recent resume; any licensing, membership, or disciplinary records; or any publications he has authored. *See* Def.'s Mot., Ex. B at 2 (Request 23 a-e, h). Moreover, because Dr. Hales is not required to produce a report under Rule 26(a)(2)(B), Plaintiff does not control any "reports," if any, that he has prepared. *See id.* (Request 23 f, j).

The only documents sought under Request 23 that might conceivably be within Plaintiff's "control" are her medical records. *See id.* (Request 23 f, i (seeking "all reports made by the expert regarding his/her findings or opinions relating to or regarding the Plaintiff, his alleged injuries and damages, or to this litigation," as well as documents "reviewed by or relied upon" by the expert)). Some courts, however, have held that a patient does not "control" medical records about her treatment, which are in her doctor's possession. *See, e.g., Clark v. Vega Wholesale Inc.*, 181 F.R.D. 470, 472 (D. Nev. 1998) ("The relationship between the Plaintiff and her doctor is not sufficient to establish control."); 8B Charles A. Wright, et al., Federal Practice and Procedure § 2210 (3d ed.) (observing that "[a] party has been found not to control the records of a doctor who has examined him or her") (citing cases). Our Court of Appeals appears not to have passed on the issue.

This court need not decide that question here. Plaintiff already has disclosed a substantial amount of her medical records to Defendant —123 pages, to be precise—and has stated that she intends to obtain and produce any remaining records from Dr. Hales. *See* Pl.'s Second Expert Disclosure at 2. Therefore, to the extent Plaintiff has not yet produced any of her medical records

from Dr. Hales, she shall obtain and produce them promptly and, in no event, later than April 25, 2016.[4]

## III.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Compel is denied.

Dated:  March 29, 2016

Amit P. Mehta
United States District Judge

---

[4] At the post-discovery conference on March 2, 2016, Defendant raised the possibility of taking an out-of-time deposition of Dr. Hales. Defendant has not formally made that request by motion.